OPINION
Appellant Alex Hasselo is appealing the decision of the Licking County Municipal Court that continued an administrative license suspension ("ALS") after he requested a hearing on the ALS, which the trial court never conducted. The facts giving rise to this appeal are as follows.
In the early morning hours of May 17, 1997, appellant was involved in a one-car accident on Linnville Road, Licking County. The Ohio State Highway Patrol investigated the accident. As a result of the injuries appellant received in the accident, he was life-flighted to Ohio State University Hospital. An Ohio State Patrolman had blood drawn, at the emergency room, for alcohol testing. Despite the fact that the accident occurred at 12:02 a.m., the patrolman turned into the Bureau of Motor Vehicles a refusal suspension indicating the time of 6:22 a.m.
Appellant was subsequently charged with felony DUI and summoned to appear in court on May 21, 1997. On this date, appellant appeared with counsel and orally appealed the ALS based on the alleged refusal. The trial court never afforded appellant a hearing on the appeal of his ALS suspension.
The Licking County Municipal Court dismissed its portion of the case on July 3, 1997. The Licking County Grand Jury indicted appellant, on May 22, 1997, for one count of felony OMVI. This charge was subsequently dismissed on September 4, 1997. Appellant has never received a hearing on his ALS even though he filed a motion to have the ALS terminated on September 22, 1997. The trial court overruled his motion, without a hearing, on September 24, 1997.
Appellant timely filed his notice of appeal to this Court and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING THE APPELLANT'S APPEAL OF HIS ADMINISTRATIVE LICENSE SUSPENSION (ALS) IN VIOLATION OF HIS DUE PROCESS RIGHT TO CONFRONT WITNESSES AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION AND OHIO'S REVISED CODE SECTION 4511.191(H)(1).
 II. THE TRIAL COURT ERRED IN UPHOLDING THE ALS THE APPELLANT WAS NEVER ARRESTED IN VIOLATION OF HIS RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND OHIO REVISED CODE SECTION 4511.191(H)(1)(a).
 III. THE TRIAL COURT ERRED IN UPHOLDING THE ALS AS AN ALS CANNOT BE IMPOSED AFTER A BLOOD ALCOHOL TEST UNTIL THE RESULTS ARE KNOWN AS REQUIRED BY OHIO REVISED CODE SECTION 4511.191(H)(1)(d)(ii).
 IV. THE TRIAL COURT ERRED IN UPHOLDING THE ALS AS THE ALS AS THE ALS (SIC) WAS IMPOSED FOR AN ALLEGED REFUSAL WHEN THE APPELLANT DID NOT REFUSE A CHEMICAL TEST REQUEST, A VIOLATION OF OHIO REVISED CODE SECTION 4511.191(H)(1)(d)(i).
 V. THE TRIAL COURT ERRED IN UPHOLDING THE ALS SINCE THE INITIAL STOP OF THE APPELLANT WAS NOT BASED UPON SUFFICIENT PROBABLE CAUSE AND VIOLATED HIS RIGHTS UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION AND OHIO REVISED CODE SECTION 4511.191(H)(1)(a).
 VI. THE TRIAL COURT ERRED IN UPHOLDING THE ALS AS THE ALS WAS IMPOSED APPROXIMATELY SIX HOURS OR MORE AFTER THE ALLEGED TIME OF THE OFFENSE.
 I
Appellant contends, in his first assignment of error, that the trial court erred when it failed to conduct a hearing, after he appealed his ALS. We agree.
R.C. 4511.191(H)(1) addresses the issue currently before the Court and provides, in pertinent part:
 If a person is arrested for operating a vehicle while under the influence of alcohol, a drug of abuse or for operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine and regardless of whether the person's driver's or commercial driver's license or permit or non-resident operating privilege is or is not suspended under division (E) or (F) of the section, the person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest in the court in which the person will appear on that charge.
The statute proceeds to set forth four conditions, in R.C.4511.191(1)(a) to (d), which a defendant may raise at his ALS appeal hearing and requires the trial court to determine whether one or more of the four conditions have not been met. R.C.4511.191(H)(2).
In the case sub judice, the record indicates that appellant orally notified the trial court, at his arraignment hearing, on May 21, 1997, that he was appealing the ALS. Tr. at 7. Counsel for appellant proceeded to set forth the grounds for the ALS appeal. Tr. at 7. Counsel and the trial court discussed whether appellant submitted a urine sample or blood for purposes of determining whether appellant was legally intoxicated. Tr. at 8. Following this discussion, the trial court informed appellant that this matter would be referred to the Licking County Grand Jury for possible indictment. Tr. at 9.
The record does not indicate the trial court conducted a hearing or ruled on appellant's ALS appeal, at his arraignment hearing, or any time thereafter. Pursuant to the language of R.C.4511.191(H)(1), we find appellant was entitled to a hearing on his ALS appeal. See State v. Patterson (Oct. 9, 1996), Muskingum App. No. CT95-0016, unreported, at 3.
Appellant's first assignment of error is sustained. Assignments of error two through six are moot based upon our disposition of appellant's first assignment of error as these are matters that appellant may raise at his ALS hearing.
For the foregoing reasons, the judgment of the Licking County Municipal Court, Licking County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Licking County Municipal Court, Licking County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.